**JING GUO JIANG, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 05–5505–ag.

United States Court of Appeals, Second Circuit.

May 8, 2006.

Michael Brown, New York, New York, for Petitioner.

Drew H. Wrigley, United States Attorney for the District of North Dakota, Nicholas W. Chase, Assistant United States Attorney, Fargo, North Dakota, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jing Guo Jiang, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

A motion to reopen will not be granted unless the movant proves that the evidence sought to be offered is material, was not available, and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1). The BIA did not abuse its discretion in determining that the newly discovered evidence in support of Jiang's motion was insufficient to justify reopening his removal proceedings. Jiang argued that his proceedings should be reopened because the notice from the Chinese government proves that he has a well-founded fear of sterilization. However, the BIA correctly indicated that the notice does not refer to sterilization; it states only that the government is aware of Jiang's illegal departure and asylum claim in the United States.

Jiang asserts that the BIA failed to consider the entire record, especially the affidavit from Jiang's wife, in evaluating his motion to reopen. The affidavit does not indicate that the Chinese government threatened to sterilize him upon return; it states only that the Chinese government wants Jiang to surrender "in order to strive for lenient punishment." Accordingly, the affidavit from Jiang's wife does not assist him in proving that there is reasonable likelihood of sterilization upon return to China.

Jiang also asserts that he was not given an opportunity to explain how the government learned of his asylum application. But assuming *arguendo* that the BIA erred in this respect, such error was, in the circumstances of the case, completely harmless, for this opportunity would not have advanced Jiang's claim that he has a well-founded fear of future sterilization if returned to China.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).